1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    PAUL ANDREW VALENCIA,                    Case No. 21-cv-00161-SK

         Plaintiff,
8
                                             **ORDER REGARDING MOTION**
9        v.                                  **TRANSFER**

10   E*TRADE SECURITIES LLC,                  Regarding Docket No. 10

11       Defendant.

12          This matter comes before the Court upon consideration of Defendant E*Trade Securities

13   LLC's motion to transfer venue to the Northern District of Georgia or, in the alternative, to

14   dismiss this action for failure to state a claim.  The Court determines that the motion is appropriate

15   for disposition without oral argument and, thus, is deemed submitted.  *See* Civ. L.R. 7-1(b).

16   Accordingly, the hearing set for March 22, 2021 is HEREBY VACATED.  Having carefully

17   considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby

18   GRANTS Defendant's motion for the reasons set forth below.

19                                  **BACKGROUND**

20          Petitioner Paul Andrew Valencia filed a petition to vacate an arbitration award issued in an

21   arbitration between him and E*Trade, his former employer.  (Dkt. No. 1-1 (Petition).)

22          Petitioner is a resident of Georgia.  (Dkt. No. 1-1, ¶ 1.)  He was employed by E*Trade

23   from 2008 through 2012 in Georgia.  (*Id*., ¶ 1.)  E*Trade is incorporated in the state of Delaware

24   and has its principal place of business in Jersey City, New Jersey.  (*Id*., ¶ 2.)  E*Trade was

25   previously headquartered in California.  (*Id*.)

26          E*Trade's offer letter to Petitioner contained the following paragraph, which was initialed

27   by both parties:

28

*United States District Court*
*Northern District of California*

1
2
3
4
5
6
7
8

> In the event of any dispute or claim arising out of or relating to your employment relationship with the Company, this agreement, or the termination of your employment with the Company for any reason . . . (collectively referred to as "Disputes"), you and the Company agree that all such Disputes shall be fully, finally and exclusively resolved by binding arbitration to the fullest extent permitted by law.  The arbitration will be conducted by the American Arbitration Association in [San Mateo County, California] or such other location that may be agreed to by you and the Company in writing. . . . You and the Company further agree that if, and only if, this arbitration agreement shall, for any reason, be held to be invalid or unenforceable, then any Dispute between us shall be resolved by means of a court trial . . . conducted by the state or federal court for the county in which the Company office in which you most often work is located. . . .

(Dkt. No. 10-1)

9
10

   Petitioner filed an arbitration claim against E*Trade on October 7, 2018, which the arbitration panel denied on November 1, 2020.  (Dkt. No. 1-1 (Petition), ¶¶ 10, 15.)  The arbitration was conducted in Atlanta, Georgia.  (Dkt. No. 1-1.)

11
12

## ANALYSIS

13

A.    **Legal Standards on Motion to Transfer Venue.**

14
15

   28 U.S.C. Section 1404(a) provides that a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.  As the moving party, E*Trade bears the burden of showing the inconvenience of litigating in this forum favors transfer.  *See Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *see also Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002).

16
17
18
19
20

   A district court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).  A court may transfer an action under Section 1404, under the following circumstances: (1) the transferee court is one where the action "might have been brought," and (2) the convenience of the parties and witnesses and the interest of justice favor transfer.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  Here, Petitioner does not dispute that this action could have been filed in the Northern District of Georgia.  Accordingly, the Court will evaluate whether the convenience of the parties and the interests of justice favor

21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1    transfer.  In making this determination, the Court considers the following factors: a plaintiffs'

2    choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local

3    interest in the controversy; familiarity of each forum with the applicable law; and relative

4    congestion in each forum.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th

5    Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)).  "No single factor is

6    dispositive."  *Ctr. for Biological Diversity v. Kempthorne*, 2008 WL 4543043, at *2 (N.D. Cal.

7    Oct. 10, 2008).  Instead, "[w]eighing of these factors for and against transfer involves subtle

8    considerations and is best left to the discretion of the trial judge."  *Ventress v. Japan Airlines*, 486

9    F.3d 1111, 1118 (9th Cir. 2007).

10   **B.      E*Trade's Motion to Transfer.**

11           In its reply brief, E*Trade argues for the first time that venue is not proper in the Northern

12   District of California under 28 U.S.C. § 1391.  First, it is improper to raise a new argument in a

13   reply brief.  Second, venue is proper based on E*Trade's waiver on personal jurisdiction.  Under

14   28 U.S.C. § 1391(b)(1), venue is proper in any state in which E*Trade is deemed to reside, which

15   is defined as "any judicial district in which [a] defendant is subject to the court's personal

16   jurisdiction with respect to the civil action in question."  *See* 28 U.S.C. § 1391(c)(2).  A

17   defendant's waiver of personal jurisdiction "is sufficient to establish the 'residency' requirement

18   under section 1391(b)(1).  *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1039 (N.D. Cal. 2020)

19   (citing *Agasino v. American Airlines*, 2019 WL 3387803, *3 (N.D. Cal. July 26, 2019) (by failing

20   to move to dismiss for lack of personal jurisdiction, defendant "therefore has waived any personal-

21   jurisdiction arguments and is subject to personal jurisdiction here with respect to this case"); *Ward*

22   *v. Certain Underwriters at Lloyd's of London*, 2019 WL 2076991, *4 (N.D. Cal. May 10, 2019)

23   ("As far as this Court is aware, every court to consider the issue has held that personal jurisdiction

24   even based on waiver is sufficient to establish 'residency' for the purpose of § 1391(c)(2).")

25   (citing cases); *AT&T Corp. v. Teliax, Inc.*, 2016 WL 4241910, *2 (N.D. Cal. Aug. 11, 2016)

26   (same); *Markel Am. Ins. Co. v. Pac. Asian Enters., Inc.*, 2008 WL 2951277, at *2 (N.D. Cal. July

27   28, 2008) (same)).  Therefore, the Court will not transfer this action based on improper venue but,

28   instead, will address E*Trade's motion to transfer under Section 1404.

United States District Court
Northern District of California

3

**1.      E*Trade's Choice of Forum and the Forum Selection Clause.**

Generally, a court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843.  However, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice receives "minimal consideration." *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987); *see Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) (same); *Saleh v. Titan Corp.,* 361 F.Supp.2d 1152, 1157 (S.D.Cal.2005) (plaintiff's choice receives less deference "where the action has little connection with the chosen forum").

Here, no party resides in California, and no conduct relevant to Petitioner's claims or the arbitration occurred in California.  Petitioner resides in Georgia.  Petitioner worked for E*Trade in Georgia.  And the arbitration was conducted in Georgia.  No operative facts occurred in this District, and this forum has no interest in the parties or the subject matter of this litigation.  Accordingly, Petitioner's choice of forum is not entitled to much weight.

Petitioner relies on the forum selection clause in his offer letter to support venue in this District.  E*Trade relies on the same provision to argue that the Northern District of Georgia is the proper venue.  In the Ninth Circuit, "where venue is specified with mandatory language" the forum selection clause will be enforced.  *Docksider, Ltd. v. Sea Technology, Ltd*., 875 F.2d 762, 764 (9th Cir. 1989); *see also Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co*., 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the *exclusive* one.") (emphasis added).

The provision provides in relevant part that:

> The arbitration will be conducted by the American Arbitration Association in [San Mateo County, California] or such other location that may be agreed to by you and the Company in writing. . . . You and the Company further agree that if, and only if, this arbitration agreement shall, for any reason, be held to be invalid or unenforceable, then any Dispute between us shall be resolved by means of a court trial . . . conducted by the state or federal court for the county in which the Company office in which you most often work is located. . . .

(Dkt. No. 10-1)

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1    Although the arbitration could have been held in this District, it was actually conducted by

2    a panel in Georgia.  It is not clear how this provision supports filing an action in California to

3    contest an arbitration which was held in Georgia.[1]  With respect to the second portion, Petitioner

4    argues, and this Court agrees, that it only applies if the arbitration provision is held to be invalid or

5    unenforceable, which is not at issue here.  Therefore, the Court finds that this forum selection

6    clause does not assist either party.

7            **2.      Convenience of the Witnesses and Parties and Ease of Access to Proof.**

8    The relative convenience to all the parties and their witnesses is a factor to consider when

9    evaluating whether to transfer a case.  *See Decker Coal Co.*, 805 F.2d at 843.  However, the

10   convenience of a party's own employees is entitled to less weight than the convenience of non-

11   party witnesses.  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("the

12   convenience of non-party witnesses is the more important factor."); *see also Thanos v. Unum Life

13   Ins. Co.*, 2015 WL 5770786, at *3 (N.D. Cal. Oct. 2, 2015) ("[T]he convenience of a party's

14   employee witnesses is entitled to little weight because they can be compelled by their employers

15   to testify regardless of venue.") (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D.

16   Cal. 1988).  Access to evidence is another factor that may favor transfer.  *Decker Coal Co.*, 805

17   F.2d at 843.

18   Here, neither party has identified any specific witnesses or sources of evidence.

19   Nevertheless, to the extent the Court were to examine the merits of Petitioner's claims or review

20   any evidence, presumably it would all be located in Georgia.  That is where Petitioner resides,

21   where he worked for E*Trade, and where the arbitration was conducted.  Accordingly, this factor

22   weighs in favor of transfer.

23           **3.      Local Interest in the Controversy.**

24   California does not have any interest in this controversy.  As discussed above, no parties

25

26   _____

27   [1] Petitioner argues that he did not agree in writing to have the arbitration in Georgia and
     that the Financial Industry Regulatory Authority ("FINRA") selected the location.  However, the
     letter Petitioner attaches states that FINRA would consider changing the location of the arbitration
28   upon motion of a party.  (Dkt. No. 12-1.)  Petitioner does not argue that he brought a motion to
     move the arbitration to San Mateo, California.

1    reside here and none of the operative facts occurred here.  In contrast, Georgia has a strong interest

2    in this controversy.  That is where Petitioner resides, where he worked for E*Trade, and where the

3    arbitration occurred.  Accordingly, this factor weighs in favor of transfer.

4         **4.    Familiarity of the Forum with the Applicable Law.**

5         Petitioner argues that California law governs based on a choice of law provision a separate

6    Agreement Regarding Employment and Proprietary Information and Inventions.  It is not clear

7    that the choice of law provision in this separate agreement applies to the parties' arbitration

8    agreement.  Regardless, even if California law does govern the parties' arbitration, "other federal

9    courts are fully capable of applying California law."  *Foster v. Nationwide Mut. Ins. Co.*, 2007

10   WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007).  Therefore, this factor would only weigh slightly

11   against transfer, if at all.

12        **5.    Relative Congestion.**

13        The Northern District of Georgia is less congested than the Northern District of California.

14   Between September 30, 2019 to September 30, 2020, almost 2,7000 more cases were filed in the

15   Northern District of California than in the Northern District of Georgia and the median time from

16   filing to disposition in civil cases is double the time in the Northern District of California as

17   compared to the Northern District of Georgia.  *See*

18   https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-1.

19   Accordingly, this factor also weighs in favor of transfer.

20        Upon consideration of all the factors, the Court finds that transfer is warranted and, thus,

21   grants E*Trade's motion.

22                          **CONCLUSION**

23        For the foregoing reasons, the Court GRANTS E*Trade's motion to transfer venue.

24        **IT IS SO ORDERED**.

25   Dated: March 4, 2021

26                          _____

27                          SALLIE KIM
                            United States Magistrate Judge

28

6